THOMAS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-470-CR

ALTON THOMAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Alton Thomas of aggravated assault with a deadly weapon.  In two issues, Thomas complains that the trial court erred in permitting a punishment-phase witness to testify and by allowing extraneous offense testimony during the punishment phase of the trial. 

Kenneth Jackson testified that as he walked home from running an  errand for a friend, Thomas pulled up in his truck beside Jackson and asked him: “Nigger, do you want to feel the pain?”  He stated that Thomas then began to shoot at him.  Jackson was shot in the hand and in the abdomen.  Thomas attempted to shoot Jackson in the leg but missed.  Jackson stated that he did not know why Thomas had shot him and that he had never had an argument with Thomas.  At the scene, Jackson told a police officer that Thomas had shot him.  Thomas was later arrested and charged with aggravated assault. 

In Thomas’s first issue, he contends that the trial court erred in permitting a punishment-phase witness to testify about extraneous offenses because the witnesses’s name was not listed on the State’s witness list pursuant to the court’s order.  If a witness’s name is not furnished to a defendant before trial despite a court order, any error in allowing that witness to testify over a defendant’s claim of surprise is made harmless by the defendant’s failure to move for a continuance in order to interview the witness or determine the matters about which the witness is about to testify.
  See Barnes v. State
, 876 S.W.2d 316, 328 (Tex. Crim. App.), 
cert. denied
, 513 U.S. 861 (1994). 
 Here, Thomas timely objected on the ground of surprise, which objection was denied. However, he did not request a continuance to interview the witness or investigate matters about which he was to testify.  Failing to do so, he cannot now be heard to complain.  
Id.
  We overrule Thomas’s first issue.

In Thomas’s second issue, he asserts that the trial court erred by overruling his objection to testimony of extraneous offenses during the punishment phase of the trial because a defendant cannot be tried for being a criminal generally.  But article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure provides that extraneous offense evidence is admissible at punishment.  
Tex. Code Crim. Proc. Ann
. art. 37.07, § 3(a)(1) (Vernon Supp. 2004-05).  Accordingly, we overrule Thomas’s second issue.

Having overruled both of Thomas’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 20, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.